UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. PITCOCK,

    Petitioner,

    v.                            CAUSE NO. 3:19-CV-889-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Christopher M. Pitcock, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-1-247) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offenses 202. He was sanctioned with a loss of thirty days earned credit time and restitution in the amount of $3.98.

Mr. Pitcock argues that he is entitled to habeas relief because the hearing officer didn't have sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 202 as "possession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United State Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." ECF 8-11 at 3. The administrative record includes a conduct report in which a correctional officer said he found Mr. Pitcock unconscious in front of another inmate's cell. The correctional officer searched Mr. Pitcock's cell and found a brown leafy substance and a green leafy substance. The administrative record also includes photographs of the confiscated substances as well as a determination from an investigator that it was synthetic marijuana. These documents constitute some evidence that Mr. Pitcock possessed a drug lookalike in violation of Offense 202. The claim that the hearing officer didn't have enough evidence isn't a basis for habeas relief.

Mr. Pitcock argues that he shouldn't have been required to pay restitution. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). This argument doesn't relate to the fact or duration of his sentence, so this claim isn't a basis for habeas relief.

Mr. Pitcock hasn't shown that he is entitled to habeas relief, so the habeas petition is denied. If Mr. Pitcock wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't

proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Christopher M. Pitcock leave to proceed in forma pauperis on appeal.

SO ORDERED on March 25, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT